UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

ANGEL A.S.R.,

Petitioner,

v.

KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*;

TODD M. LYONS, *Acting Director of Immigration and Customs Enforcement*;

PAMELA BONDI, *United States Attorney General*;

DAVID EASTERWOOD, *Acting Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement*; and

JOEL BROTT, *Sheriff of Sherburne County*,

Respondents.

Civil No. 26-502 (JRT/EMB)

**MEMORANDUM OPINION AND ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

---

Rachel M. Engebretson, **ENGEBRETSON LAW FIRM, P.A.**, 989 118th Avenue Northeast, Blaine, MN 55434, for Petitioner.

Ana H. Voss, Friedrich A. P. Siekert, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 for Respondents.

Petitioner Angel A.S.R. was arrested and detained by United States Immigration and Customs Enforcement ("ICE") on January 17, 2026. Angel A.S.R. petitions for a writ of habeas corpus, arguing that he is being detained unlawfully. Because the Court

concludes that Angel A.S.R's detention is unlawful, the Court will grant his petition for habeas corpus and order that he be released from custody.

## BACKGROUND

Angel A.S.R. is a native and citizen of Mexico. (Verified Pet. Writ of Habeas Corpus ("Pet.") ¶ 36, Jan. 21, 2026, Docket No. 1.) He entered the United States in November 1999 without inspection. (*Id.* ¶ 37.) On February 4, 2025, United States Citizenship and Immigration Services issued its renewed prima facie determination on Petitioner's Violence Against Women Act application, and Petitioner simultaneously filed an Application for Adjustment of Status with the Department of Homeland Security, which is still pending. (*Id.* ¶ 41.) Petitioner is also a beneficiary of an approved I-130 Immigrant Petition for Alien Relative, and he has had a I-601A Waiver of Inadmissibility pending since August 2022. (*Id.* ¶ 42.) On January 17, 2026, ICE arrested Angel A.S.R. (*Id.* ¶ 44.) He is being detained at the Sherburne County Jail in Elk River, Minnesota. (*Id.* ¶ 46.)

On January 21, 2026, Angel A.S.R. filed a Verified Petition for Writ of Habeas Corpus (Docket No. 1). He alleges that his continued detention is unlawful and requests that the Court order his immediate release, or alternatively, a bond hearing. (*Id*. ¶¶ 53–87.) That same day, the Court issued an order that (1) enjoined Respondents from transferring Petitioner outside the District of Minnesota pending a ruling on Petitioner's habeas petition, and (2) directed Respondents to file an answer by January 24, 2026. (Docket No. 3.)

**DISCUSSION**

Respondents argue that Angel A.S.R. is subject to mandatory detention under to 8 U.S.C. § 1225(b)(2).  After thorough review of the parties' filings, the Court concludes that the legal issues presented by Angel A.S.R.'s habeas petition are subject to the same analysis the Court recently employed in *Herrera Avila v. Bondi*, No. 25-3741, 2025 WL 2976539 (D. Minn. Oct. 21, 2025) and *Romero Santuario v. Bondi*, No. 25-4296, 2025 WL 3469577 (D. Minn, Dec. 2, 2025).  The factual record before the Court shows that Angel A.S.R. was arrested while already in the United States.  For the same reasons articulated in *Herrera Avila* and *Romero Santuario*, the Court concludes that it possesses jurisdiction over this petition, and that Angel A.S.R.'s detention is not authorized by § 1225(b)(2).

The Court therefore turns to the proper remedy.  In previous cases involving this issue, the Court has concluded that a bond hearing pursuant to § 1226(a) is the appropriate remedy.  However, the Court is now persuaded that where, as here, (1) Respondents erroneously assert that a detainee is being held pursuant to § 1225(b)(2); and (2) Respondents have not produced a warrant, as is required to effectuate an arrest pursuant to § 1226(a), the appropriate remedy is release from custody.  *See, e.g.*, *Ahmed M. v. Bondi*, No. 25-4711, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026); *Lauro M. v. Bondi*, No. 26-134, 2026 WL 115022, at *3 (D. Minn. Jan. 15, 2026); *cf. Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention. . . . The typical remedy for such detention is, of course, release.").

Accordingly, the Court will grant Angel A.S.R.'s petition for writ of habeas corpus and will order that he be released from custody.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner Angel A.S.R.'s Verified Petition for Writ of Habeas Corpus (Docket No. [1]) is **GRANTED**, as follows:

    a. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

    b. Respondents shall release Petitioner from custody as soon as practicable, and **no later than 48 hours** from the filing of this Order.

    c. The parties shall provide the Court with a status update concerning the status of Petitioner's release by **no later than 5:00 p.m. on January 28, 2026**. Further, the parties shall advise the Court whether any additional proceedings in this matter are required and submit any proposals for the scope of further litigation.

DATED: January 26, 2026　　　　　　　　　　_____/s/ Johnn R. Tunheim_____
at Minneapolis, Minnesota　　　　　　　　　　　　JOHN R. TUNHEIM
at 10:40 A.M.　　　　　　　　　　　　　　United States District Judge